UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MATTHEW W., <br><br> Plaintiff, <br><br> v. <br><br> ANDREW M. SAUL, <br> Commissioner of Social Security, <br><br> Defendant. | CASE NO. C19-5888-MAT <br><br> ORDER RE: SOCIAL SECURITY DISABILITY APPEAL |

Plaintiff proceeds through counsel in his appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied Plaintiff's application for Supplemental Security Income (SSI) after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, this matter is REVERSED and REMANDED for further administrative proceedings.

**FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1995.[1] He has a high school diploma, and previously worked

---

[1] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 1

as a customer service representative at a call center. (AR 204-05.)

Plaintiff applied for SSI in March 2016, alleging disability beginning May 22, 2013. (AR 175-81.) That application was denied and Plaintiff timely requested a hearing. (AR 94-102, 106-14.)

On January 4, 2018, ALJ Gerald Hill held a hearing, taking testimony from Plaintiff and a vocational expert (VE). (AR 29-63.) On June 28, 2018, the ALJ issued a decision finding Plaintiff not disabled. (AR 16-24.) Plaintiff timely appealed. The Appeals Council denied Plaintiff's request for review on July 24, 2019 (AR 1-6), making the ALJ's decision the final decision of the Commissioner. Plaintiff appealed this final decision of the Commissioner to this Court.

## JURISDICTION

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## DISCUSSION

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, it must be determined whether the claimant is gainfully employed. The ALJ found Plaintiff had engaged in substantial gainful activity from January 2015 through November 2015. (AR 18.) At step two, it must be determined whether a claimant suffers from a severe impairment. The ALJ found severe Plaintiff's autism spectrum disorder, attention deficit hyperactivity disorder, depression and anxiety. (AR 18.) Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found that Plaintiff's impairments did not meet or equal the criteria of a listed impairment. (AR 19-20.)

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant has

demonstrated an inability to perform past relevant work. The ALJ found Plaintiff capable of performing medium work, with limitations to occasional superficial contact with others, and occasional, expected workplace changes. He cannot perform production-pace work. (AR 20.) With that assessment, the ALJ found Plaintiff unable to perform past relevant work. (AR 23.)

If a claimant demonstrates an inability to perform past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy. With the assistance of the VE, the ALJ found Plaintiff capable of transitioning to representative occupations such as hand packager, kitchen helper, and stores laborer. (AR 23-24.)

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff argues the ALJ erred in discounting his subjective symptom testimony, and in assessing medical opinions written by examining psychologist Terilee Wingate, Ph.D. Plaintiff also alleges that his case should be remanded because the ALJ was not properly appointed under the Appointments Clause of the United States Constitution at the time he rendered his decision. The Commissioner argues that the ALJ's decision is supported by substantial evidence and should be affirmed, and that Plaintiff forfeited his Appointments Clause challenge by not raising it during

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 3

the administrative proceedings.

## Dr. Wingate's opinions

Dr. Wingate examined Plaintiff in April 2016 and January 2018 and completed DSHS form opinions on both occasions. (AR 327-34, 861-68.)  As noted above, Plaintiff applied for benefits in June 2016, alleging his disability began on May 22, 2013.  The ALJ referenced a group of records that predate Plaintiff's application date, including Dr. Wingate's 2016 opinion (AR 21 (citing AR 285-399, 672-848)), but summarized in detail only records dating from June 2016 forward, and provided reasons to discount Dr. Wingate's 2018 opinion. (AR 21-22.)

Specifically, the ALJ found that Dr. Wingate credited Plaintiff's subjective complaints over his objective performance on the mental status testing. (AR 22.) The ALJ noted that Dr. Wingate's 2018 opinion described moderate to marked limitations in "virtually all social, memory, or concentration-based functional areas which directly contradicts the claimant's excellent performance in mental status testing, wherein his only deficiency was a 'tense' appearance." (AR 22.) Dr. Wingate described Plaintiff as able to perform a three-step task, remember four out of four words immediately and after a delay, repeat digits forward and backward, and complete serial 3's and serial 7's without error. (AR 865.) This evidence of intact memory and concentration is inconsistent with some of the moderate and marked limitations described by Dr. Wingate. (*See* AR 863.)

But Dr. Wingate did not describe only limitations as to memory and concentration, however.  Dr. Wingate also referenced Plaintiff's other moderate and marked limitations in communication, adaptation, and appropriate behavior, and recorded his allegations of social paralysis. (AR 22.) The ALJ found that the RFC limitation to "occasional, superficial interactions reasonably accounts for any social deficiency reflected in Dr. Wingate's report." (AR 22.) As

noted above, the ALJ's RFC assessment also limited Plaintiff to occasional, expected workplace changes and found Plaintiff unable to perform production-pace work. (AR 20.)

Plaintiff argues that the ALJ erred in focusing only on the mental status testing, when Dr. Wingate also asked Plaintiff to complete depression and anxiety symptom inventories, which "count as objective evidence, statistically normed and validated, not subjective." Dkt. 12 at 16. Indeed, the mental status examination focuses on cognitive capacities, but does not address other limitations that could be caused by depression or anxiety, such as those addressed in the symptom inventories. (*See* AR 332-34, 866-68.) Because Dr. Wingate referenced limitations in areas not addressed by mental status testing alone, the ALJ erred in focusing on that portion of Dr. Wingate's report in discounting the 2018 opinion.

Because the ALJ erred as to assessing Dr. Wingate's 2018 opinion, that error also infects the similar opinion that Dr. Wingate wrote in 2016, which the ALJ did not address specifically. On remand, the ALJ should reconsider both of Dr. Wingate's opinions and either credit them or provide legally sufficient reasons to discount them.

<u>Subjective symptom testimony</u>

The ALJ discounted Plaintiff's subjective allegations because (1) the record does not corroborate the disabling limitations Plaintiff alleges, and instead shows improvement over time even when Plaintiff was not consistently receiving counseling or taking medication; and (2) the mental status exam testing contradicts Plaintiff's allegations of disabling memory and concentration deficits. (AR 21-22.) Plaintiff argues that these reasons are not clear and convincing, as required in the Ninth Circuit. *See Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).

Because, as explained *supra*, this case must be remanded to allow reconsideration of Dr.

Wingate's opinions, that reconsideration may impact the ALJ's interpretation of the record as a whole.  On remand, the ALJ should reconsider Plaintiff's subjective reports in light of the updated and reconsidered record.

## **CONCLUSION**

For the reasons set forth above, this matter is REVERSED and REMANDED for further administrative proceedings.[2]  On remand, the ALJ should reconsider Dr. Wingate's opinions and Plaintiff's subjective testimony.

DATED this 15th day of May, 2020.

Mary Alice Theiler
United States Magistrate Judge

---

[2] In light of this resolution on other grounds, the Court need not address Plaintiff's arguments regarding the Appointments Clause.

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 6